UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONA STRODE,

        Plaintiff,                                  Case No. 1:11-cv-870

v.                                              HON. JANET T. NEFF

BAC HOME LOANS SERVICING, LP, *et al.*

        Defendants.
_____/

## **OPINION**

Plaintiff filed this home foreclosure action in state court against Defendants BAC Home Loans Servicing, LP (BAC), and Federal National Mortgage Association (Fannie Mae), seeking to set aside the sheriff's sale of her residence after the expiration of the redemption period. Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction.

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (Dkt 27). Defendants have filed a Response (Dkt 28); and Plaintiff has filed a Reply (Dkt 29). Having conducted a Pre-Motion Conference on this matter and having now reviewed the motion briefs and the record, the Court denies Plaintiff's motion for partial summary judgment.[1] In accordance with the parties' concurrence at the Pre-Motion Conference, the denial of Plaintiff's motion resolves

---

[1] The Court determines that oral argument is unnecessary to resolve the issues presented. *See* W.D. Mich. LCivR 7.2(d).

Plaintiff's claims in their entirety, and therefore, the Court grants Defendants' request for summary judgment in their favor. *See* FED. R. CIV. P. 56(f)(1).

## I. Facts

The underlying facts are not in dispute. Plaintiff obtained a $176,400.00 loan from Countrywide Home Loans, Inc. ("Countrywide") to refinance the existing debt on her home at 1717 Alan Lane, Lansing, Michigan ("Alan Lane") on September 22, 2006 (Statement of Material Facts [SMF, Pl. Br. Ex. A & Defs. Resp. Ex. 1] ¶ 1; Pl. Br. Ex. I, Promissory Note).[2] The refinancing transaction involved a promissory note and a mortgage security instrument ("MSI") (SMF ¶ 2; Pl. Ex. C, MSI, and Ex. I). Both the promissory note and the MSI identify Countrywide, and only Countrywide, as "Lender" of the refinance loan (SMF ¶ 3; Pl. Exs. C and I). The MSI states that Mortgage Electronic Registration System, Inc. ("MERS") "is the mortgagee under this Security Instrument, and that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns" (SMF ¶¶ 5-6; Ex. C at 1).

Plaintiff defaulted on her loan in July 2010 (Pl. Br. at 4). On October 25, 2010, MERS, as "nominee" for the Lender and Lender's successors and assigns, assigned to Defendant BAC "all the right, title, and interest of the said party of the first part in and to a certain real estate mortgage made by Mona Strode …" (SMF ¶ 9; Pl. Ex. D, Assignment of Mortgage). Defendant BAC retained Trott and Trott P.C. to commence foreclosure proceedings on Plaintiff's home (SMF ¶ 10). Defendant BAC purchased Alan Lane on February 10, 2011 at the Sheriff's Sale (SMF ¶ 12; Pl. Ex. G, Sheriff's Sale Deed). Defendant BAC subsequently conveyed Alan Lane to Defendant Fannie Mae

---

[2] Plaintiff's husband was also involved in the refinance transaction, but he is not involved this case.

by quit claim deed (SMF ¶ 14; Pl. Ex. H, Quit Claim Deed). On August 10, 2011, the redemption period expired, and the Sheriff's Deed became operative (Defs. Br. at 3, citing Compl. ¶ 19).

## II. Analysis

Plaintiff does not contest that the foreclosure by advertisement on her home, by the holder of a security lien (MERS or its assignee BAC), was permissible pursuant to MICH. COMP. LAWS § 600.3204(1)(d) and the Michigan Supreme Court's decision in *Residential Funding Co., LLC v. Saurman,* 805 N.W.2d 183 (Mich. 2011), even though the mortgage was "split" from the note. Plaintiff instead essentially challenges the MERS mortgage on the ground that the MSI is not a valid and enforceable contract as between the mortgagor, Plaintiff, and MERS. Plaintiff argues that the MSI contract fails for lack of mutuality of obligation and lack of consideration. Plaintiff additionally contends that the MERS mortgage does not conform to MICH. COMP. LAWS § 565.154, which indicates that the Legislature contemplated that mortgages would be granted only to the lender or creditor. Plaintiff's arguments are not persuasive.

In *Saurman,* 807 N.W.2d 412 (Mich. Ct. App. 2011), the Michigan Court of Appeals had held a foreclosure by advertisement under § 600.3204(1)(d) invalid because the foreclosing entity, MERS, lacked a legal or equitable ownership right in the debt secured by the mortgage in question. In reversing the court of appeals, the Michigan Supreme Court clearly held that "MERS' status as an 'owner of an interest in the indebtedness,'" i.e., as record-holder of the mortgage, authorized MERS to foreclose by advertisement under MICH. COMP. LAWS § 600.3204(1)(d). 805 N.W.2d 183. The court reasoned that "as record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness. This interest in the indebtedness—i.e., the ownership of legal title to a security lien

3

whose existence is wholly contingent on the satisfaction of the indebtedness—authorized MERS to foreclose by advertisement under MICH. COMP. LAWS § 600.3204(1)(d)." *Id.*

While Plaintiff is correct that *Saurman* does not address the specific arguments now raised by Plaintiff, *Saurman* clearly affirms the validity of the MERS mortgage system as comporting with Michigan law. Plaintiff otherwise has shown no legal basis for the contractual challenges raised. Plaintiff provides no legal authority or analysis to establish that contract law and the requisites thereof apply to render the mortgage to MERS invalid.

As noted above, the MSI states that MERS "is the mortgagee under this Security Instrument" and that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns" (SMF ¶¶ 5-6; Ex. C at 1).

The Mortgage/MSI provides:

> This Security Instrument secures to Lender: (i) the repayment of the Loan . . . and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to MERS (solely as nominee for Lender and Lender's successor and assigns) and to the successors and assigns of MERS, with power of sale, the [subject property].
>
> * * *
>
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender ….

(Pl. Ex. C, Defs. p. 2 ¶ Q, p. 3).

Plaintiff granted the mortgage in exchange for the home loan pursuant to her agreement with Countrywide. She does not contend that her contractual agreement with Countrywide was void for lack of consideration or mutuality of obligation. Pursuant to the express provisions of the MSI, and

the valid agreement between Plaintiff and Countrywide, MERS as the nominee was authorized to foreclose on the property at issue. Plaintiff has failed to show that the designation of MERS as nominee constitutes a separate contract between Plaintiff and MERS, subject to independent requisites for a valid contract. *See Knox v. Trott & Trott, P.C.,* No. 10–13175, 2011 WL 1540340, at *4 (E.D. Mich. 2011) (the plaintiff's argument that the MERS mortgage is invalid "ignores the plain language in the mortgage, in which the mortgagor and lender agreed to name MERS as the 'mortgagee under the Security Agreement,'" that MERS is designated "to act 'as nominee for the Lender and Lender's successors and assigns,'" and that the plaintiff "agreed to convey to MERS the power of sale").

Contrary to Plaintiff's assertion, the courts have previously addressed whether an MSI such as that at issue here creates a valid and enforceable mortgage under Michigan law, and have consistently found the mortgages valid. *See McLaughlin v. Chase Home Finance, LLC,* No. 2:11–CV–11012, 2012 WL 995284, at *3-4 (E.D. Mich. Mar. 23, 2012); *Golliday v. Chase Home. Fin., LLC,* No. 10–cv–532, 2011 WL 4352554, at *7 (W.D. Mich. Aug. 23, 2011), R & R adopted, 2011 WL 4352677 (W.D. Mich. Sept. 16, 2011) ("Over the twenty years that MERS has existed, borrowers who default on their loan obligations have attempted, without success, to attack the validity of the mortgage based on the involvement of MERS."). While some courts have denied MERS the power to foreclose, none of them has held the mortgage itself was invalid. *Golliday,* 2011 WL 4352554, at *7 n.5. Moreover, arguments such as those advanced by Plaintiff premised on contract defenses have been expressly rejected. *McLaughlin*, 2012 WL 995284, at *4 ("Plaintiffs' argument challenging MERS's right to foreclose based on a lack of consideration fails as a matter of law").

Plaintiff further argues that the Michigan Legislature did not contemplate mortgages being given to third parties when it passed MICH. COMP. LAWS § 565.154. Given the courts' clear and well-established recognition of the validity of MERS's interests in mortgages in which MERS is designated as the nominee for the lender, this remaining argument also fails.

MICH. COMP. LAWS § 565.154 addresses the form of a mortgage and provides:

> A mortgage of lands that is worded in substance as follows: "A.B. mortgages and warrants to C.D., (here describe the premises) to secure the re-payment of" (here describe the indebtedness or obligations the mortgage secures) and is signed by the grantor, is a valid and enforceable mortgage to the grantee and the grantee's heirs, assigns, successors, and personal representatives with warranty from the grantor and the grantor's legal representatives, of marketable title in the grantor, free from prior incumbrances. If the indebtedness or obligations secured are described generally, such as "all indebtedness that A.B. now and in the future owes to C.D.", and if the words "and warrant" are omitted from the form, the mortgage is valid and enforceable, but without warranty.

Merely because § 565.154 uses an example of a mortgage transaction that does not involve a nominee such as MERS is not competent authority to hold that the use of a nominee is prohibited under § 565.154. "[T]he statute requires the mortgage to be worded in substance not in form." *In re Boyd,* 185 B.R. 529, 531 (Bankr. E.D. Mich. 1995). "A conveyance of an interest in real estate to secure the performance of an obligation is a mortgage." *In re Van Duzer,* 213 N.W.2d 167, 170 (Mich. 1973). MERS was the record-holder of the mortgage and owned a security lien on the properties. *See Saurman,* 805 N.W.2d 183. The mortgage is not invalid under § 565.154.

### III.  Conclusion

Plaintiff has failed to show the MSI is invalid on the grounds asserted; MERS held a proper security interest in Alan Lane pursuant to Plaintiff's loan transaction with Countrywide. Plaintiff's Motion for Partial Summary Judgment is denied, and Defendants are entitled to summary judgment in their favor.

An Order and Judgment will be entered consistent with this Opinion.

DATED: June 20, 2012          /s/ Janet T. Neff
                              JANET T. NEFF
                              United States District Judge